### J. H. Taylor v. The State.

No. 3138. Decided November 15, 1905.

**1.—Theft of Mules—Insanity—Judgment—Charge of Court—Opinion of Witness—Collateral Proceeding.**

Where upon trial for theft of mules defendant offered in evidence a certified copy of the judgment of a county court adjudging the defendant to be insane upon one attack of insanity, which judgment was rendered several years prior to the trial of defendant for theft; and there was nothing in the record on appeal showing the character of insanity of which he was found guilty in said judgment; and the court submitted in his charge that unless defendant had recovered from such insanity at the time of the commission of the offense he could not be convicted; and the State's witnesses testified that they never saw anything wrong with defendant's mind from their observations of and conversations with defendant; and the facts regarding the theft did not differ from the ordinary manner of a thief. Held that there was no error, and that

it was competent to introduce evidence as to defendant's condition of mind, although this was a collateral proceeding.

### 2.—Same—Bill of Exceptions—Expert Witnesses.

Where upon trial for theft the record on appeal did not show that objection was made that the State's witnesses stated no facts or course of conduct of defendant, and did not negative that the witnesses may have stated such course of conduct or such conversations, and it did not appear that they gave opinions as to the sanity or insanity of defendant, but merely stated the fact that they never saw anything wrong with the defendant's mind, there was no error in admitting this character of testimony.

### 3.—Same—Leading Question—Defendant's Declaration.

On a trial for theft of mules it was entirely competent for the State to prove from whom defendant said he purchased the mules, although the question was rather leading, it not having been objected to on that ground.

### 4.—Same—Charge of Court—Recent Possession—Requested Charge.

On a trial for theft where the court instructed the jury with reference to defendant's explanation, in connection with recently stolen property in his possession, there was no error in refusing to submit a requested charge on the same subject.

### 5.—Same—Escape—Evidence.

Upon a trial for theft of mules it was competent for the State to prove what defendant did in attempting to escape.

### 6.—Same—Bill of Exceptions—Practice in District Court.

Upon a trial for theft where defendant took at least one hundred exceptions during the trial, many of which were frivolous, there was no error that the court refused to suspend proceedings and permit counsel to reduce them to writing; especially as it was not shown that the court refused to allow any bill of exceptions taken during the trial and presented to him by the defendant.

Appeal from the District Court of Smith. Tried below before Hon. R. W. Simpson.

Appeal from a conviction of theft of mules; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*William Goodman,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of the theft of two mules, and his punishment fixed at confinement in the penitentiary for a term of five years; hence this appeal. The theft, though proved by circumstantial evidence, was fully established by the State. The defense set up by appellant appears to have been insanity, and the evidence introduced by him to prove this, was the following: "Defendant offered in evidence a certified copy of the judgment of the County Court of Bexar County, Texas, adjudging W. J. Haden to be insane, having had only one attack of insanity recently before trial." There was proof that appellant at the time he is alleged to have taken the mules, went by the name of W. J. Haden, and he represented himself as being of that name, and the bill of sale was given in that name: though his real name was J. H. Taylor, and the prosecutor (J. A. Taylor) was

his father.   The judgment of the County Court of Bexar County, is not in the record, and we are not informed of the date of its rendition, except by the charge of the court, wherein the court tells the jury, that the judgment before them conclusively established that the defendant was of unsound mind on the 8th of September, 1902, if his identity as Haden was proven to the satisfaction of the jury.   Nor are we informed of the character of insanity of which appellant was adjudged to be afflicted by the county court, if he indeed be the W. J. Haden.   The court further in the instructions, tells the jury, that they must find, if they believe appellant had been adjudged insane, that he had recovered from such insanity at the time of the commission of the offense, etc., before they could convict him.   It may be well to remark that nothing appears in the statement of facts regarding the theft of said mules, which indicates that appellant was insane.   He appears to have conducted the transaction much after the manner of an ordinary thief. So much of the case has been stated, in order to show appellant's exceptions taken to certain testimony offered by the State, referring to appellant's condition of mind.

   J. A. Taylor (prosecutor) was placed on the stand by the State.   After stating that appellant was his son; had known him all his life, had been associated with him up to the time he was about 17 years old, and having seen him and talked with him several times, the State then asked him, what was the condition of the defendant's mind.   Defendant objected upon the following grounds:   (1) That this witness could not give his opinion, as he had not qualified as an expert, and that oral testimony could not be used to attack the judgment of a court of competent jurisdiction; that the judgment of the Bexar County Court was conclusive of his insanity.   These objections were overruled, and the witness replied, "I never saw anything wrong with the defendant's mind."   Lyons, was also placed on the stand by the State, and testified that he was sheriff of Smith County, and as such had had defendant in his charge for some three months; had numerous conversations with him on numerous subjects, and had closely watched his conduct.   Was asked his opinion as to the condition of defendant's mind.   Defendant objected, assigning the same reasons as presented to witness Taylor. These were overruled, and the witness replied, "I never noticed anything wrong with the defendant's mind.   The same procedure was had as to the witness, R. H. Brown, who purchased the mules from appellant. He testified as to different conversations had with defendant with reference to the purchase of the mules, and also as to his conduct; and was then asked to state what his opinion was as to the condition of the defendant's mind.   To which question defendant objected for the same reasons heretofore stated.   These were overruled, and witness answered, "I noticed nothing wrong with his mind."   It was competent to introduce evidence as to appellant's condition of mind, as was done, although this was a collateral proceeding.   The judgment may have shown that defendant was only temporarily insane, and it was proper to show that

appellant had recovered, if he was the Haden adjudged to be insane. Appellant stated, as one of the grounds of his objection, that the witnesses had not qualified as experts, and therefore could not give an opinion. The bills of exception do not show that they had not qualified as experts. This is only stated as a ground of objection, and it has been held that this is not a certificate of the judge as to the fact. Appellant in his argument and brief takes the position that the witnesses should have stated the facts, or sufficient facts connected with appellant's life, before they could testify as non-experts to an opinion. But this objection was not made in the bill, and we can only consider such objections as were therein urged. We would furthermore observe that it does not appear that these witnesses gave opinions as to the sanity or insanity of appellant; they merely stated the fact that they never saw anything wrong with the defendant's mind. This was not equivalent to saying that, in their opinion, appellant was of sound or unsound mind. This court has held to a rigid rule on the subject of non-experts testifying as to their opinions of the sanity or insanity of a person, holding that they should give the facts or enough of the facts relating to appellant's conduct as would authorize them to give an opinion so that the jury might judge of what weight the opinion of a non-expert was entitled to. Williams v. State, 37 Texas Crim. Rep., 348; Bettis v. State, decided at the present term. Now, the bills as here presented, while they do not show as to the witnesses that they stated no facts or course of conduct of appellant, do not negative the idea that they may have stated such course of conduct or conversations, though not appearing in the bills. It does not occur to us, as presented in the bills, that any error was committed by the court in admitting this character of testimony.

There is nothing in appellant's objection to the testimony of the State's witness Hesterley. It was entirely competent for the State to prove by this witness from whom appellant said he purchased the mules. The question here presented was rather leading; but it does not appear to have been objected to on that ground.

Appellant challenges the court's charge, because of its failure to instruct the jury with reference to explanation in connection with recently stolen property in his possession. An inspection of the court's charge shows that the court did this. The requested charge was therefore unnecessary.

The court's explanation in connection with the bill overruling the motion for continuance disposes of that.

It was competent for the State to prove what appellant did in attempting to escape, after the posse surrounded the house where he was.

Appellant further excepts because the court refused to stop when he took an exception and permit him to reduce it to writing. The court explains this by stating that appellant's counsel took at least one hundred exceptions during the trial, many of which were frivolous, and to have allowed him to pursue such a course would have indefinitely pro-

longed the trial. We think the court's action was proper: especially as it is not shown that the court refused to allow any bill of exceptions taken during the trial and presented to him by appellant.

The judgment is affirmed.

*Affirmed.*